OSGOOD vs. SPENCER's Ex'r.—June, 1828.

On a joint promissory note, after the death of one of the drawers, the reme-
dy at law exists alone against the surviving drawers, and is extinguished
against the representatives of the deceased drawer. The only remedy
which the payee or endorsee has against such representative, is in equity.

Matter in bar which shows the irresponsibility of the defendant at the com-
mencement of the suit, may be given in evidence under the general is-
sue without being reduced to the form of a special plea.

So in an action against the executor of one of several makers of a joint pro-
missory note, to recover the amount thereof, where the other co-draw-
ers were alive at the commencement of the suit, it is not necessary for
the defendant to plead their survivorship in abatement, but it may be
given in evidence under the general issue.

APPEAL from *Kent* County Court. This was an action of
*assumpsit* on a promissory note, brought in the name of the
surviving payee, (the now appellant,) against the executor of
one of the drawers, (the appellee) The defendant pleaded
*non assumpsit testatoris*, and issue was joined.

At the trial the plaintiff offered in evidence the following
note:

"$666 66.                    *Baltimore*, 4th May, 1819.

Ninety days after date, we promise to pay *H. & R. H. Os-
good* six hundred and sixty-six dollars and sixty-six cents, with-
out defalcation.

*J. Campbell,*
*W. Gilbert,*
*William Spencer.*

Witness, *Jno. Somerville.*"

The due execution of which note was admitted by the de-
fendant. On an objection made to the reading of the said note,
the court determined the note was competent testimony, as the
due execution was admitted. It was also admitted by the de-
fendant, that *Henry Osgood*, one of the payees in the note, was
dead before the institution of this suit. It was admitted by the
plaintiff that *John Campbell* and *William Gilbert*, the other
persons named with *William Spencer* as drawers, are both in
full life. The defendant moved the court to instruct the jury,
that if they believed the said *Campbell* and *Gilbert* to be still
alive, this action could not be sustained against the defendant,
as executor of *William Spencer*, deceased; but that the only

remedy at law was by suit against the surviving drawers. The Court, [*Earle*, Ch. J. and *Purnell* and *Wright*, A. J.] gave the jury the instruction as prayed by the defendant. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before STEPHEN, ARCHER, and DOR-SEY, J.

*Chambers*, for the Appellant, contended, 1. That a plea in abatement, stating the facts, was the only mode in which the defence could be made by the defendant in the court below. Or, 2. That at all events it should have been pleaded in bar, and could not be given in evidence on the general issue.   He cited *Brown v Warham*, 3 *Harr. & Johns.* 572.   *Pike v Dashiell's Adm'r.* 7 *Harr. & Johns.* 466.   The act of 1811, *ch.* 161.   *Anthon's Dig.* 2.   *Eccleston v Clipsham*, 1 *Saund.* 154, *(note* 1.) 1 *Bac. Ab.* tit. *Abatement*, (N) 25.

*Spencer* and *Carmichael*, for the Appellee, cited 1 *Bac. Ab.* tit. *Abatement*, (N) 25.   *Owen v Butler*, 1 *Ld. Raym.* 345. 1 *Chitty's Plead.* 334, 37, *(note u,)* 434.   *Evans v Stevens*, 4 *T. R.* 227.   5 *Bac. Ab.* 163.   *Cabell v Vaughan*, 1 *Saund.* 291, *(note.)*

ARCHER, J. delivered the opinion of the Court.   The question presented by the bill of exceptions is, whether the defendant was bound to plead in abatement, that his testator was a co-drawer of the promissory note declared on, with others who are living, and that the right of action had survived against the survivors, and was extinguished as to him; or whether it might be given in evidence under the general issue?

No case has been cited which is in terms decisive of the present question.   But an examination of some admitted principles of law cannot fail to lead to a correct conclusion.

It is undeniable, and has been conceded in argument, that on joint contract, such as this, the remedy at law exists alone against the surviving drawers, and that it is extinguished against the representatives of the deceased drawer, and that the only remedy which the payee or endorsee has against such representative is in equity.

The death of the defendant's testator, and the survivorship of his co-drawers, was then a complete and full answer to any action in a court of law against him, and would forever operate in such tribunal as a bar. If put upon the record as a plea, it is not to be considered, as are pleas in abatement, merely dilatory, but as one reaching the merits of the plaintiff's claim against the defendant, and as finally conclusive of it.

This being the character of the defence, it is properly matter in bar, and not in abatement; which latter in general presupposes a right to proceed against the defendant in some other form, as in conjunction with others not sued, or at some other time, as in the case of an alien enemy; but this defence denies the defendant's liability altogether, at any time, or in any shape, in a court of law. It being matter in bar which shows the irresponsibility of the defendant at the commencement of the suit, it may be given in evidence under the general issue, without being reduced to the form of a special plea.

Most defences may be given in evidence under the general issue in *assumpsit*, except limitations, insolvency, set-off and tender, or alien enemy where the disability of the plaintiff accrued by war after the contract was made. We are inclined to think there will be found few other exceptions. If a general release, before suit brought, need not be pleaded, it would be difficult to assign a sensible reason why this defence, which is as operative and conclusive *at law* as would be a release, should be plead? The effect in discharging the defendant is in each case precisely the same. In the one the release is the act of the party, in the other the act of the law.

JUDGMENT AFFIRMED.